**STERLING MERCHANDISING, INC., Plaintiff**

**v.**

**NESTLE, S.A., et al., Defendants.**

Civil No. 06–1015(SEC).

United States District Court, D. Puerto Rico.

April 23, 2008.

Ada Sofia Esteves, David C. Indiano–Vicic, Jeffrey M. Williams–English, Seth Erbe, Indiano & Williams, PSC, Javier A. Morales–Ramos, Javier A. Morales–Ramos Law Office, San Juan, PR, PHV Adam C. Briggs, PHV David J. Gilles, Godfrey & Kahn, S.C., PHV Jennifer Cotner, PHV Kevin J. O'Connor, Lafollete Godfrey & Kahn, Madison, WI, for Plaintiff.

Luis A. Oliver–Fraticelli, Jose L. Ramirez–Coll, Roberto A. Camara–Fuertes, Fiddler, Gonzalez & Rodriguez, San Juan, PR, PHV Erik T. Koons, PHV, Carmine R. Zarlenga, Howrey LLP, Washington, DC, for Defendants.

## OPINION AND ORDER

SALVADOR E. CASELLAS, Senior District Judge.

Pending before the Court is Sterling Merchandising Inc.'s (hereinafter Sterling) Motion to Dismiss Payco Foods Corp.'s (hereinafter Payco) counter claim (Docket # 147), and Payco's opposition thereto (Docket # 149).[1] After reviewing the filings and the applicable law, Sterling's motion to dismiss (Docket # 6) will be **GRANTED.**

### Standard of Review:

*Fed.R.Civ.P. 12(b)(6)*

To survive a Rule 12(b)(6) motion, Payco's "well-pleaded facts must possess enough heft to show that [it is] entitled to relief." *Clark v. Boscher,* 514 F.3d 107, 112 (1st Cir.2008). In evaluating whether Payco is so entitled, the Court must accept

---

1. Sterling replied (Docket # 151) and Payco    surreplied (Docket # 152).

as true all of its "well-pleaded facts [and indulge] all reasonable inferences therefrom." *Id.* However, Payco must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. *Id.* That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." *Parker v. Hurley,* 514 F.3d 87, 95 (1st Cir.2008). Therefore, "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan,* 513 F.3d 301, 305 (1st Cir.2008).

### Factual and Procedural Background

We recite the facts as alleged in Payco's counterclaim, and make all inferences in Payco's favor. As it is already apparent from the record, Payco and Sterling are competitors in the ice cream distribution market. Sterling, in the original complaint, accused Payco and other defendants of engaging in anticompetitive practices in violation of federal and local antitrust laws. Payco fired back: it filed a counter claim against Sterling alleging that it has intentionally interfered with an exclusive distribution contract between Payco and Masterfoods Interamerica (MFI) by laterally buying MFI's products and selling them in Puerto Rico.

Specifically, Payco avers that on August, 1999, Payco and MFI entered in an exclusive distribution contract with MFI by which the latter gave Payco the exclusive right to distribute in Puerto Rico the ice cream products manufactured by MFI or its affiliates. Payco claims that Sterling "was well aware of Payco–MFI exclusive distribution agreement and knowingly imported and distributed MFI products in Puerto Rico in knowing and purposeful violation of the Payco–MFI exclusive distribution agreement." Docket # 130, ¶ 20. More specifically, Payco avers that MFI's agents instructed Sterling that its importation of its products for distribution in P.R. was in violation of the Payco–MFI exclusivity contract. Notwithstanding, Sterling has continued to purchase the MFI products from Schoep's Ice Cream (Schoep's) and to sell them in Puerto Rico. Nowhere in the complaint does it allege that Schoep's is somehow controlled by MFI, through a parent-subsidiary relationship or otherwise.

Payco's counter claim against Sterling is premised in P.R. Article 1802, 31 Laws of P.R. Ann. § 5141. Sterling moved to dismiss the counter claim because the facts alleged above did not adequately plead a cause of action for tortious interference with a contract. It argues that

> Payco's Counterclaim . . . does not assert that Sterling *interfered* with Payco's contractual relationship with MFI . . . There is no allegation that Sterling contacted MFI, purchased ice cream from MFI, blocked MFI product delivery, or otherwise undermined Payco's business relationship with MFI. There is no allegation that Sterling even attempted to induce MFI not to perform its contract with Payco.

Docket # 147, p. 4. That is, Sterling's argument is that it did not interfere with the Payco–MFI's contract because it did not purchase directly from MFI, and therefore, did not cause MFI to breach its contract with Payco. Payco demurs; it argues that the cause of action for tortious interference with a contract does not require that Sterling's purchases of MFI products be made directly from MFI. We agree with Sterling. Let's see.

The issue of whether P.R. Article 1802 allowed for a cause of action for tortious interference with a contract was certified by the District Court of Puerto

Rico to the P.R. Supreme Court in *Gen. Office Prods. Corp. v. A.M. Capen's Sons, Inc.*, 115 D.P.R. 553 (1984)(hereinafter *Gen. Office Products* ). The P.R. Supreme Court concluded that the P.R. torts statute was sufficiently general to recognize such a claim. According to the Supreme Court, for a plaintiff to be entitled to relief under said cause of action, four elements need to be present: (1) there must be a contract with which a third party interferes; (2) the third party must be at fault; and (3) the contracting party must suffer damages; (4) as a result of the third party's interference. *Id.*, at 558–59.

■ Sterling argues that the elements of the doctrine are not present in this case because it did not purchase the products directly from MFI, but from a fourth party (not privy to the contract), and that its purchase was made outside of Puerto Rico. It argues that "Payco's exclusive distribution contract for Puerto Rico cannot restrict transactions taking place entirely outside of Puerto Rico." Docket # 147 at 6. Sterling cites *DiGiorgio Corp. v. Méndez & Co., Inc.*, 230 F.Supp.2d 552 (D.N.J. 2002), in support of its proposition that an exclusive distribution contract made in Puerto Rico between two parties cannot prevent purchases made outside of P.R. by third parties even if it results in a resale in Puerto Rico later on. We are persuaded by *DiGiorgio*'s reasoning.

In *DiGiorgio* Méndez and Co. Inc. (hereinafter Méndez) sued Cordero Badillo, Inc. (hereinafter Grande) and DiGiorgio Corporation (hereinafter DiGiorgio) alleging that they were buying, in the United States, products to which Méndez allegedly had an exclusive right to distribute in Puerto Rico (*i.e.* Unilever's, Dole's, and Bumble Bee's products, among others), and shipping them to Puerto Rico where Grande sold them to the general public. Although the District Court of New Jersey concluded that it was New Jersey law that applied, it also concluded that the elements for a cause of action for tortious interference with a contract were virtually identical under either New Jersey or P.R. law. It then concluded that "the only conduct in which DiGiorgio and Grande were allegedly engaged was sales of grocery items in New Jersey, which Grande then shipped to Puerto Rico. In doing so, neither DiGiorgio or Grande violated any agreement they had with Méndez or the Suppliers." *DiGiorgio*, 230 F.Supp.2d at 565.

The same is true here. Payco alleges that it had an exclusive distribution contract **with MFI** to sell their products and its affiliates' products in Puerto Rico. It then argues that Sterling has been interfering with the contract between Payco and MFI by buying MFI products from Schoep's, a fourth party, which is neither MFI's affiliate nor a party to the contract. Furthermore, the alleged purchases were made outside of P.R. Sterling's eventual resale of the products bought from Schoep's in Puerto Rico, as in *DiGiorgio*, cannot be said to have interfered with Payco's rights pursuant to the contract with MFI. We are reluctant to extend the P.R. Supreme Court's holding in *Gen. Office Products*, 115 D.P.R. 553.

In said case, the plaintiff argued that the defendant, A.M. Capen's Sons, Inc (hereinafter Capen), continued to sell Gussco's products in Puerto Rico knowing that Gussco and Gen. Office Products had an exclusive distribution contract. In that case, however, Capen bought the products directly from Gussco, and therefore, Gussco was in breach of its contract. The Court stated that "the third party who interferes with a contract is jointly liable with the contracting party who knowingly breaches its contract." *Id.*, at 558.(our translation). In the case before us Sterling bought the products from Schoep's, which is not a party to the exclusive distribution contract.

The doctrine is aimed at protecting a party to a contract from a third party's actions that undermine its rights under the contract. Sterling's action of buying products from Schoep's, a stranger to the Payco–MFI agreement, outside of P.R., was an arm-length transaction which cannot be curtailed by a contract perfected within P.R.'s boundaries among parties other than Schoep's and Sterling. MFI, however, could protect Payco from this type of transaction by preventing U.S. distributors of their products, like Schoep's, from re-selling these to P.R. distributors. There is no allegation in the complaint that Schoep's was MFI's affiliate or that it had a contract with MFI restricting the sale of MFI's products to P.R. distributors like Sterling. Furthermore, it is MFI, Payco's counterpart to the exclusivity contract, who is in better position to prevent any harm to Payco's rights under the contract. It appears from the complaint, however, that MFI continued to sell to Schoep's even after it learned that it was selling MFI products to Sterling despite MFI's instructions to the contrary.

In light of the above, we believe that Payco has failed to plead enough to survive Sterling's motion to dismiss. It failed to plead sufficient facts to allow an inference that Sterling's actions of buying MFI products from a fourth party, Schoep's, in the United States, that is, outside of the boundaries of the exclusivity agreement, tortiously interfered with Payco's contract with MFI. As stated above, "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi*, 513 F.3d at 305. Because the first element of the doctrine—the existence of a contract with which a third party interferes—is missing here, *see, Gen. Office Products*, 115 D.P.R. at 558–559, Sterling's Motion to Dismiss Pay-

co's Counterclaim (Docket # 147) is **GRANTED.**

**SO ORDERED.**